Empire Radio Co., Inc.
vs.
George H. Bates, Deputy Sheriff

No. 88487.

## DECISION.

February 19, 1934.

FROST, J. Heard by the Court without the intervention of a jury.

This is an action of replevin brought to recover certain merchandise and store fixtures contained in a store numbered 23 and 25 Empire Street in the City of Providence and which, at the time of the service of the writ, were being held in the custody of the sheriff.

The goods and articles in question had been attached by the defendant as the property of the Empire Radio Company at the instance of one Forrest W. Taylor, who claimed to be a creditor of the Empire Radio Company. The question, therefore, is: Who owned the merchandise and fixtures when the attachment was made?

Empire Radio Company is a corporation which, in January 1932, was operating two stores, one in Providence and one in Pawtucket. It occupied the store in Pawtucket by virtue of a lease entered into on August 9, 1929, with Forrest W. Taylor. The term of the lease was five years. Under its provisions the rent for February 1932 was due and payable on the first day of that month.

A new corporation was formed— just when does not appear—under the name, Empire Radio Co., Inc. Philip Korb, President of Empire Radio Company, the old company, became the Secretary and Treasurer of Empire Radio Co., Inc., the new company. The assets of the old company but not the leases or other liabilities were taken over by the new company. On Saturday, January 30, 1932, the stock and fixtures in the Pawtucket store were transferred to the Providence store, and on February 1, 1932, a bill of sale was executed by Empire Radio Company to Empire Radio Co., Inc., transferring to the latter corporation "all stock in trade and fixtures, as well as two automobile trucks", said goods and chattels being located at 23 and 25 Empire Street in the City of Providence.

Attached to the bill of sale was an affidavit of Joseph H. Cohen, Treasurer of Empire Radio Company, setting out that Empire Radio Co., Inc., as transferee had demanded a written list of the names and addresses of the creditors of Empire Radio Company as provided in Chapter 311 of the General laws and that the list therein given was a full, accurate and complete list of the creditors of Empire Radio Company. The date of the affidavit is January 26, 1932.

The defendant contends (1) that the transfer of February 1st was a conveyance of personal property with the intent, or purpose to delay, hinder or defraud creditors, in direct violation of the provisions of Section 1 of Chapter 297, of the General Laws of Rhode Island, 1923; (2) that the transfer was also a sale of merchandise in bulk not made in compliance with Chapter 311 of the General Laws, and so void as against the attaching creditor, Forrest W. Taylor.

As to defendant's first contention, the Court is unable to find as a matter of fact that there was an intent on the part of Empire Radio Company to defraud its creditors when it executed the transfer of February 1, 1932. What the debts of the corporation were

or what its assets were worth does not appear but it is in evidence that the transfer was made for a valuable consideration, to wit: the sum of $2,000.

Referring to defendant's second contention, the language of Section 1 of Chapter 311 of the General Laws clearly requires two things of the transferee: one, that it shall demand and receive a written list of its creditors, certified to be to the best of the transferrer's knowledge and belief a full, accurate and complete list of its creditors and, two, that the transferee shall, at least five days before such transfer, notify personally, or by registered mail, every creditor whose name and address are stated on said list.

*Max Glantz* vs. *Samuel E. Gardiner, Deputy Sheriff* (1917) 40 R. I. 297 at pp. 303 & 304.

In this case the evidence shows that Empire Radio Co., Inc. did demand and receive a written list of creditors. It also appears that notice was given either personally or by mail to such creditors as appeared on the written list received from the transferrer. It does not appear, however, when such creditors were notified or that they were notified five days prior to February 1st, the date of the transfer. This was a step required by the statute and one to be proved by the plaintiff in this case.

*Terry et al.* vs. *McCall Co.* (1919) 203 Alabama 141.

Since the evidence shows that the transfer in this case was one coming within the purview of Chapter 311, supra, and since it does not appear that an essential step was taken by the transferrer, the plaintiff in this case, the transfer of February 1, 1932, must be deemed to be fraudulent and void as against all persons who were creditors of Empire Radio Company at the time of such transfer.

On February 1, 1932, under the terms of the lease, Forrest W. Taylor was clearly entitled to a month's rent from Empire Radio Company, and not having been paid this rent prior to the transfer must be held to have been a creditor of Empire Radio Company at the time of such transfer.

Upon a consideration of all the evidence before it, the Court renders decision for the defendant.

For plaintiff: Morris S. Waldman.

For defendant: Greenough, Lyman & Cross.